[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the Family Support Magistrate (Honorable Harris Lifshitz) denying the petition of the Commissioner of Social Services seeking to have an order of child support and an arrearage in the amount of $290.00 entered against the defendant, the acknowledged father of the parties' minor child. The case was commenced by the Commissioner on November 3, 1998 asserting that the state was supplying Aid to Families with Dependent Children to the nominal plaintiff.
At the time of the hearing, the state indicated that the family had been intact since January 21, 1999, and that the only order it was seeking was an arrearage of $290.00 claimed to have been due to the state from the defendant from June 29, 1998 to January 20, 1999 at the rate of $10.00 per week based on his ability to pay. After hearing some convoluted testimony from the defendant about when the family became intact, the magistrate held that he was denying the state's petition because "the facts indicate that no order should enter. And no arrearage."
The state has appealed, asserting that the magistrate's decision was arbitrary and capricious, and an abuse of discretion. In support of its argument, the state carefully catalogued the statute defining the duties of magistrates. Not having found support for the particular decision the magistrate made, the state concluded that the magistrate lacked the authority to decide as he did.
The statute empowering family support magistrates to act is replete with language providing that the magistrate shall have the power to "hear and determine", "decide" and "make and enforce orders" in family support matters. See, e.g., Connecticut General Statutes, Section 46b-231(m)(2) and (4); 46b-215(a). The statutes, in short, give the magistrates the discretion to determine orders based upon the facts and circumstances before them.
There is nothing in the record which establishes that the magistrate's action was an abuse of discretion.
The appeal is denied. CT Page 11996
By the Court,
Gruendel, J.